**Philip B. LINDY, trading as Fountain View Apartments**

v.

**The UNITED STATES.**

**No. 101–75.**

United States Court of Claims.

Dec. 15, 1976.

Victor Wright, Philadelphia, Pa., attorney of record, for plaintiff; Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., of counsel.

Arlene Fine, Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, Washington, D. C., for defendant.

Before COWEN, Chief Judge, and DAVIS and BENNETT, Judges.

BENNETT, Judge.

This suit for refund of an FHA inspection fee comes before the court on defendant's motion and plaintiff's cross-motion for summary judgment. A provision of the National Housing Act of 1934, as amended and printed at 12 U.S.C. § 1713(d) (1970), reads in part: " * * * [T]he Secretary [of HUD] is authorized to charge and collect such amounts as he may deem reasonable

for the appraisal of a property or project offered for insurance [*i. e.,* FHA insurance of the mortgage] and for the inspection of such property or project during construction * * *." A regulation promulgated thereunder, relating to the inspection charge or fee, is the sole statement in the statutes and regulations dealing with the refund of the fee. It provides, "[c]ommitment, inspection, and reopening fees may be refunded in whole or in part, if it is determined by the Commissioner [of FHA— now a part of HUD] that there is a lack of need for the housing or that the construction or financing of the project has been prevented because of condemnation proceedings or other legal action taken by a governmental body or public agency, or in such other circumstances as the Commissioner may determine." 24 C.F.R. § 221.507 (1972).

Plaintiff, a Philadelphia area contractor hoping to build the Fountain View Apartments, paid HUD the inspection fee mentioned in the above statute covering the project plaintiff was intending to undertake, pursuant to FHA regulations and the mortgage loan agreement. Plaintiff made the payment, $17,327, in October 1972, out of funds advanced him by his mortgagee, Metropolitan Federal Savings of Philadelphia. HUD sent inspectors to the proposed construction site, once in November 1972, and once again in February 1973, who were able to report only that construction had not yet begun. The answer to the petition, paragraph 9, admits that "no inspection of the project occurred." Plaintiff never was able to commence construction on his apartment building, and ultimately defaulted on the mortgage. HUD paid Metropolitan pursuant to the insurance arrangements, was assigned the mortgage, and sued in the federal district court in Philadelphia to foreclose on plaintiff's property. The district court entered the requested foreclosure decree in December 1974. At the same time, the court dismissed plaintiff's counterclaim in the full amount of the inspection fee without prejudice to having the claim asserted again in a proper proceeding—the Court of Claims was specifically

mentioned in the court's order—as the court apparently recognized its jurisdictional limitations. On February 25, 1975, the general counsel of HUD responded to plaintiff's attorneys' letter of January 29, 1975, denying the latter's claim for a refund of the $17,327 inspection fee. The general counsel's words, though few, are critical to the disposition of this claim, and therefore worth quoting:

> On December 11, 1974, Judge VanArtsdalen handed down his decision dismissing Mr. Lindy's claim and granting the government's motion for summary judgment. Therefore, we deem the claim to be res adjudicata.

This suit followed on April 3, 1975.

Plaintiff says that HUD abused it discretion under 24 C.F.R. § 221.507 when it refused plaintiff's request for a refund of the entire fee. Defendant relies heavily upon *D & L Constr. Co. v. United States,* 378 F.2d 675, 180 Ct.Cl. 366 (1967); *Terminal Constr. Corp. v. United States,* 171 Ct.Cl. 1 (1965), and *Heers v. United States,* 357 F.2d 344, 165 Ct.Cl. 294 (1964), to support its view that refund is within the sound discretion of HUD and not called for here. The *Heers* case involved a $17,000 FHA mortgage insurance application fee which a regulation said "may be returned to the applicant" if "an application is rejected before it is assigned for processing by the Commissioner, or in such other instances as the Commissioner may determine." On the basis of this regulation, this court found that the purpose of the application fee was to cover expenses of processing the application for insurance and that refund was within the Commissioner's sound discretion. This did not mean that a refusal to return a fee was always justified, but rather that "plaintiff is not entitled to its return unless it appears that the refusal reflects an abuse of discretion." 357 F.2d at 354, 165 Ct.Cl. at 311. *Terminal* and *D & L* are to the same effect. *Cf. D & L Constr. Co. v. United States,* 378 F.2d 680, 686, 180 Ct.Cl. 436, 446 (1967).

In that the statute and regulation in these three cases parallel section 1713(d)

and section 221.507, they arguably support defendant's view that refund is committed to HUD's discretion. The three cases do not, however, show that HUD did not abuse its discretion here. The cases say little about what constitutes an abuse of discretion in the refund area for they all turn on failures of proof by the plaintiffs. It resolves nothing to assert that section 221.507 permits HUD to decide when it will make a refund, or whether it will make one where stated conditions (*e. g.*, lack of a need for housing) have come to pass, for every exercise of discretion that is reviewable and not committed by law to agency judgment alone exists within the limits of reason.

 Plaintiff centers his abuse-of-discretion complaint on the fact that the HUD general counsel based the refund refusal on the belief that the district court's dismissal order was *res adjudicata*. This complaint is well taken for the general counsel's response was plainly erroneous. It is elementary that a claim not ruled on, but dismissed without prejudice to renew in a proper forum, is not *res adjudicata*. *Smith v. McNeal*, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986 (1883); *American Guaranty Corp. v. United States*, 401 F.2d 1004, 185 Ct.Cl. 502 (1968). Whether the general counsel's statement is viewed as a patently incorrect exercise of discretion, or as a failure to exercise discretion at all, its content and the refusal to refund flowing from it amount to an abuse of the discretion vested in HUD, acting on behalf of the Commissioner of FHA, by section 221.507. Here a statute has authorized collection of a fee for the purpose of "inspection of such property * * * during construction." It is admitted that there was neither inspection nor construction. Moneys collected therefor have been retained either for a legally void reason or for what is evidently no reason whatever. The result compelled by HUD's conduct is necessarily the refund of the entire inspection fee. *Terminal Constr. Corp. v. United States, supra; Heers v. United States, supra.*

In view of this disposition of the case, we need not rule on plaintiff's alternate contention that it is entitled to judgment because of the failure of section 1713(d) to provide for HUD's retention of the inspection fee. Defendant's motion for summary judgment is denied, plaintiff's cross-motion is granted, and judgment is entered for plaintiff in the amount of $17,327.